IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

**MERCEDES GARCIA,**

       **Plaintiff**

            **v.**

**FISERV SOLUTIONS, LLC,
A Foreign Limited Liability
Company,**

       **Defendant.**

_____/

**CASE NO.**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff MERCEDES GARCIA (hereinafter referred as "Plaintiff"), by and through the undersigned attorney, hereby files this Complaint against FISERV SOLUTIONS, LLC. (hereinafter referred as "FISERV" or "Defendant"), and in support of states as follows:

## NATURE OF CASE

This is an action to remedy discrimination pursuant to the provisions of the Age Discrimination in Employment Act ("ADEA"); and the Florida Civil Rights Act ("FCRA"). Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, punitive damages (if permitted to be pled), attorneys' fees and costs, and any other relief to which the Plaintiff is entitled including but not limited to equitable relief.

## JURISDICTION & VENUE

1.      This is an action at law that raises a federal question under federal law.

2.      The Court has jurisdiction over this complaint pursuant to 28 U.S.C. §1331 and has subject matter jurisdiction over Plaintiff's state law claims.

3.      The Plaintiff's claims arise under the laws of the United States. Venue is proper pursuant to 28 U.S.C. § 1391.

4.      Additionally, the events giving rise to this action occurred within this District.

## PARTIES

5.      Plaintiff was an employee of Defendant from approximately October 2015 to June 2022.

6.      Plaintiff was employed by Defendant in Coral Springs, Florida.

7.      Defendant is a Foreign Limited Liability Company which operates in the Southern Florida area, including location where Plaintiff was employed.

8.      Defendant is an "employer" as defined by the ADEA and the FCRA.

9.      Plaintiff was an "employee" as defined by the ADEA and the FCRA.

## **ADEA AND FCRA STATUTORY PREREQUISITES**

10.    Plaintiff is sixty-one years of age.

11.    Plaintiff was discriminated against based on her age.

12.    Plaintiff is a member of a class of individuals protected by the ADEA and FCRA.

13.    The Defendant meets the statutory criteria for coverage as an "employer" under the ADEA and FCRA.

14.    Plaintiff meets the statutory criteria for coverage as an "employee" under the ADEA and FCRA.

15.    At all times material to the allegations herein, Plaintiff was qualified for her position with Defendant.

16.    Plaintiff timely filed her Charge of Discrimination with the EEOC on December 1, 2022.

17.    The EEOC issued a Dismissal and Notice of Rights on July 18, 2023.

18.    Therefore, the initial Complaint in this action is being filed within 90 days of Plaintiff receiving her right-to-sue letter.

19.    Plaintiff has complied with all other ADEA and FCRA requirements and all prerequisites prior to bringing this lawsuit.

## FACTUAL ALLEGATIONS

20.     Plaintiff began working for Fiserv on October 19, 2015.

21.     Plaintiff was employed at the Coral Springs, Florida location.

22.     Plaintiff had no other option but to recently resign, as of June 10, 2022, because she, and other employees, were being discriminated against based on age.

23.     More specifically, Plaintiff and two other employees were being looked over for promotions.

24.     They were also not put in a position to be eligible for promotion.

25.     Some examples of younger employees receiving preferential treatment include:

       a.     A younger employee being promoted in less than 6 months of their hire date;

       b.     A younger being promoted from level one to level two, and then to team lead, all within a year;

       c.     A younger and less tenured employee named Colenne Williams being promoted to team lead before Plaintiff;

       d.     A younger employee named Daniela being placed into a "program" that would fast track her to a team lead position.

26.     In comparison, Plaintiff was never offered the opportunity to be team lead or supervisor, nor was she given an opportunity to be placed in a "program" that would have fast tracked her for a team lead position, despite a stellar performance record.

27.     Two other older employees began working with the company in 2015, when Plaintiff began.

28.     One of those employees has attained the rank of level one, and the other had obtained the rank of level two at the time of Plaintiff's resignation.

29.     Plaintiff complained to her supervisor but no adjustments were made.

30.     Interestingly, upon Plaintiff's resignation, those two other employees were promoted.

31.     Defendant discriminated against Plaintiff because of her age.

## COUNT I
## AGE DISCRIMINATION IN VIOLATION OF THE FCRA

32.     Plaintiff re-alleges and adopts the allegations of paragraphs 1-31 above as if fully set forth herein.

33.     Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

34.     Plaintiff is sixty-one years of age and a member of a protected class.

35.     Plaintiff was qualified for her current position because she had performed in that position for a substantial period.

36.     Plaintiff was subjected to the adverse employment action of being forced to resign because of the age discrimination she experienced.

37.     Plaintiff was treated less favorably than younger, similarly situated employees.

38.     Defendant discriminated against Plaintiff because of her age.

39.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under the FCRA because it treated Plaintiff less favorably because of her age.

40.     The discrimination to which Plaintiff was subjected was based on her age.

41.     Defendant does not have a legitimate, non-discriminatory reason for its treatment of Plaintiff.

42.     The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

43.     The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

44.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

45.     Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable reliefallowed by law including:

     a.  Back pay and benefits;

     b.  Interest on back pay and benefits;

     c.  Front pay and benefits;

     d.  Compensatory damages for emotional pain and suffering;

     e.  Injunctive relief;

     f.  Prejudgment interest;

     g.  Costs and attorney's fees; and

     h.  Such other relief as the Court may deem just and proper.

## COUNT II
## AGE DISCRIMINATION IN VIOLATION OF THE ADEA

46.     Plaintiff re-alleges and adopts the allegations of paragraphs 1-31 above as if fully set forth herein.

47.     Plaintiff is sixty-one years of age and a member of a protected class.

48.     Plaintiff was qualified for her current position because she had performed in that position for a substantial period of time.

49.     Plaintiff was subjected to the adverse employment action of being forced to resign because of the age discrimination she experienced.

50.     Plaintiff was treated less favorably than younger, similarly situated employees.

51.     Defendant discriminated against Plaintiff because of her age.

52.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under the ADEA because it treated Plaintiff less favorably because of her age.

53.     The discrimination to which Plaintiff was subjected was based on her age.

54.     Defendant does not have a legitimate, non-discriminatory reason for its treatment of Plaintiff.

55.     The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and

suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

56.    The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

57.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADEA.

58.    Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable reliefallowed by law including:

    a.  Back pay and benefits;

    b.  Interest on back pay and benefits;

    c.  Front pay and benefits;

    d.  Compensatory damages for emotional pain and suffering;

    e.  Injunctive relief;

    f.  Prejudgment interest;

    g.  Costs and attorney's fees; and

    h.  Such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this __16th__ of October 2023.

> Respectfully submitted,
> s/ Edward W. Wimp
> Edward W. Wimp, Esquire – LEAD COUNSEL
> FBN: 1015586
> Email: ewimp@theleachfirm.com
> Direct: 407-574-6339
>
> Anthony J. Hall, Esquire
> FBN: 0040924
> Email: ahall@theleachfirm.com
>
> THE LEACH FIRM, P.A.
> 1560 N. Orange Ave., Suite 600
> Winter Park, FL 32789
> Telephone: (407) 574-4999
> Facsimile: (833) 813-7513
>
> Attorneys for Plaintiff