IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 0:23-cv-61968-WPD

**MERCEDES GARCIA,**

**Plaintiff,**

v.

**FISERV SOLUTIONS, LLC, a Foreign Limited Liability Company,**

**Defendant.**
_____/

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Fiserv Solutions, LLC ("Fiserv" or "Defendant"), by and through undersigned counsel, files its Answer and Affirmative Defenses to the Complaint filed by Plaintiff, Mercedes Garcia, as follows:

## NATURE OF CASE

In response to the unnumbered paragraph preceding Paragraph 1 of the Complaint, Defendant admits that Plaintiff brought this action pursuant to the Age Discrimination in Employment Act ("ADEA") and the Florida Civil Rights Act ("FCRA") but denies that Defendant is liable under said statutes and denies that Plaintiff is entitled to any damages or relief from Defendant.

## JURISDICTION & VENUE

1. Defendant admits that Plaintiff purports to bring an action which raises a federal question under federal law but denies that it violated Plaintiff's rights in any manner or is liable to Plaintiff in any respect.

2. Defendant admits this Court has jurisdiction over the claims asserted in this matter but denies that Defendant violated Plaintiff's rights in any manner or is liable to Plaintiff in any respect.

3. Defendant admits venue is proper in this Court and certain of Plaintiff's claims arise under the laws of the United States but denies that Defendant violated Plaintiff's rights in any manner or is liable to Plaintiff in any respect.

4. Defendant admits Plaintiff was employed with Defendant in this District but is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 4 of the Complaint, and therefore, denies same.

## PARTIES

5. Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8. Defendant admits that it is an employer as that term is defined under the ADEA and FCRA. Defendant denies that it violated Plaintiff's rights in any manner or is liable to Plaintiff in any respect.

9. Defendant admits that it is an employer as that term is defined under the ADEA and FCRA and that it employed Plaintiff. Defendant denies that it violated Plaintiff's rights in any manner or is liable to Plaintiff in any respect.

## ADEA AND FCRA STATUTORY PREREQUISITES

10. Defendant admits the allegations contained in Paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12. Paragraph 12 of the Complaint asserts a legal conclusion for which no response is required; to the extent a response is required, Defendant asserts that the ADEA and FCRA speak for themselves and denies that it violated Plaintiff's rights in any manner or is liable to Plaintiff in any respect.

13. Paragraph 13 of the Complaint asserts a legal conclusion for which no response is required; to the extent a response is required, Defendant asserts that the ADEA and FCRA speak for themselves and denies that it violated Plaintiff's rights in any manner or is liable to Plaintiff in any respect.

14. Paragraph 14 of the Complaint asserts a legal conclusion for which no response is required; to the extent a response is required, Defendant asserts that the ADEA and FCRA speak for themselves and denies that it violated Plaintiff's rights in any manner or is liable to Plaintiff in any respect.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant admits the allegations contained in Paragraph 17 of the Complaint.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint and, therefore, denies same.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint and, therefore, denies same.

## FACTUAL ALLEGATIONS

20. Defendant admits the allegations contained in Paragraph 20 of the Complaint.

21. Defendant admits the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint, including subparts (a) through (d).

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and, therefore, denies same.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and, therefore, denies same.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint and, therefore, denies same.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

## COUNT I
## AGE DISCRIMINATION IN VIOLATION OF THE FCRA

32. Defendant adopts and realleges its responses to Paragraphs 1 through 31 of the Complaint as if fully set forth.

33. Defendant admits that Plaintiff brings this action pursuant to the FCRA but denies Defendant is liable under said statute and denies Plaintiff is entitled to any damages or relief from Defendant.

34. Defendant admits that Plaintiff is 61 years of age. The remaining allegations contained in Paragraph 34 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies such allegations.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

In response to the unnumbered WHEREFORE clause immediately following Paragraph 45 of the Complaint, including subparts (a) through (h), Defendant denies that Plaintiff is entitled to judgment, damages, or any other form of relief against Defendant.

## **COUNT II**
## **AGE DISCRIMINATION IN VIOLATION OF THE ADEA**

46. Defendant adopts and realleges its responses to Paragraphs 1 through 31 of the Complaint as if fully set forth.

47. Defendant admits that Plaintiff is 61 years of age. The remaining allegations contained in Paragraph 47 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies such allegations.

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57. Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58. Defendant denies the allegations contained in Paragraph 58 of the Complaint.

In response to the unnumbered WHEREFORE clause immediately following Paragraph 58 of the Complaint, including subparts (a) through (h), Defendant denies that Plaintiff is entitled to judgment, damages, or any other form of relief against Defendant.

## DEMAND FOR JURY TRIAL

Defendant acknowledges that Plaintiff requests a trial by jury but denies that there are any issues of fact to be tried and, therefore, denies that Plaintiff is entitled to a jury trial.

## STATEMENT OF AFFIRMATIVE DEFENSES

In asserting the defenses that follow, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

## FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted to the extent Plaintiff failed to provide legally sufficient factual details to support her conclusory allegations that she was subjected to discrimination based on her age.

## SECOND DEFENSE

Plaintiff's damages, if any, should be reduced by any benefits Plaintiff receives or has received from collateral sources or other off-sets or recoupments. Specifically, Plaintiff's damages

for lost wages, if any, should be reduced to the extent that she receives or has received income from employment or other sources subsequent to her resignation and/or by amounts earnable by Plaintiff with reasonable diligence.

### THIRD DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, to the extent she failed to take reasonable steps to mitigate her damages.

### FOURTH DEFENSE

Plaintiff's claims fail and/or her recovery of damages is limited because Defendant exercised reasonable care to prevent and promptly correct any alleged discriminatory behavior and/or Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities or to avoid harm otherwise.

### FIFTH DEFENSE

Any alleged discrimination or other misconduct by any employee of Defendant regarding Plaintiff, which Defendant does not concede as having occurred, was outside the course and scope of that employee's employment, contrary to Defendant's policies, and was not ratified, confirmed, or otherwise approved by Defendant. Thus, any such actions cannot be attributed or imputed to Defendant.

### SIXTH DEFENSE

Plaintiff's claims for damages are barred or limited to the extent it is shown she engaged in misconduct prior to, during, or in connection with her application for employment and/or employment that otherwise would have resulted in her termination or her not being hired if such conduct were then known to Defendant.

### SEVENTH DEFENSE

Defendant has well-disseminated policies against discrimination as well as reasonable and available procedures for receiving and investigating complaints of alleged discrimination. To the extent Plaintiff failed to use or otherwise avail herself of these policies and procedures, her claims are barred.

**EIGHTH DEFENSE**

To the extent some or all of Plaintiff's claims are barred by the applicable statutes of limitations, Plaintiff is not entitled to recover with respect to such claims.

**NINTH DEFENSE**

All actions taken with respect to Plaintiff's employment were in good faith and without any intent or motivation to discriminate against Plaintiff based on age.

**TENTH DEFENSE**

Defendant took affirmative measures and made good faith efforts to prevent workplace discrimination and cannot be liable for the decisions of its agents or for punitive damages (to the extent recoverable under applicable law) to the extent the challenged employment decisions were contrary to Defendant's efforts to comply with anti-discrimination statutes.

**ELEVENTH DEFENSE**

While Defendant denies that Plaintiff is entitled to punitive damages or any other relief, Plaintiff's claim for punitive damages is limited by the statutory cap on such damages specified in § 760.11(5), Fla. Stat.

**TWELFTH DEFENSE**

To the extent it is learned through discovery, Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, laches, and unclean hands, and to the extent she failed to satisfy conditions precedent to suit.

### THIRTEENTH DEFENSE

Plaintiff's claims are barred to the extent Plaintiff failed to exhaust her administrative remedies and/or the allegations in the Complaint exceed the scope of her Charge of Discrimination.

### RESERVATION OF RIGHTS

Defendant reserves the right to amend or supplement its Answer and Affirmative Defenses to the Complaint, including any of its denials, requests for relief, defenses, and affirmative defenses based on information that may become known during the course of litigation and discovery of this matter.

### REQUEST FOR ATTORNEYS' FEES

Defendant provides notice of its intent to seek and requests that it be awarded its attorneys' fees under section 760.11(5), Fla. Stat. in having to defend against this action.

**WHEREFORE**, Defendant respectfully requests that Plaintiff's claims for relief be denied in their entirety, that judgment be entered in favor of Defendant, and that this Court award such other relief as it deems appropriate.

Case No. 0:23-cv-61968-WPD

Dated: November 13, 2023

    Respectfully submitted,

*s/ Jenna Rinehart Rassif*
Jenna Rinehart Rassif, Esq.
Florida Bar No. 56855
Email: *Jenna.Rassif@jacksonlewis.com*
M. Megan Coughlin, Esq.
Florida Bar No. 113667
Email: *Megan.Coughlin@jacksonlewis.com*
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
Two South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600
Facsimile: (305) 373-4466
*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of November 2023, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

By: *s/ Jenna Rinehart Rassif*
    Jenna Rinehart Rassif, Esq.

Case No. 0:23-cv-61968-WPD

## SERVICE LIST

| | |
|---|---|
| Edward W. Wimp, Esq. <br> Florida Bar No.: 1015586 <br> Email: *ewimp@theleachfirm.com* <br> Anthony J. Hall, Esq. <br> Florida Bar No.: 0040924 <br> Email: *ahall@theleachfirm.com* <br> <br> **THE LEACH FIRM, P.A.** <br> 1560 N. Orange Ave., Suite 600 <br> Winter Park, FL 32789 <br> Telephone: (407) 574-4999 <br> <br> *Attorneys for Plaintiff* | Jenna Rinehart Rassif, Esq. <br> Florida Bar No.: 56855 <br> Email: *jenna.rassif@jacksonlewis.com* <br> Megan Coughlin, Esq. <br> Florida Bar No.: 113667 <br> Email: *megan.coughlin@jacksonlewis.com* <br> <br> **JACKSON LEWIS P.C.** <br> One Biscayne Tower, Suite 3500 <br> 2 South Biscayne Boulevard <br> Miami, Florida 33131 <br> Telephone: (305) 577-7600 <br> *Attorneys for Defendant* |